IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Lyndale Gaddy, #323551, | C/A No. 8:15-cv-3706-JFA-JDA |
| Plaintiff, | |
| vs. | |
| Warden of Lieber Correctional Institution, | **ORDER** |
| Defendant. | |

Calvin Lyndale Gaddy ("Petitioner"), proceeding pro se, brings this habeas corpus action, pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Lieber Correctional Institution ("Lieber"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] On November 4, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this Court dismiss the action without prejudice and without requiring the Respondent to file an answer or return. (ECF No. 14). Petitioner filed an objection to the Report. (ECF No. 21). Thus, this matter is ripe for the Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Further, a *de novo* review of the Magistrate Judge's Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates those without a recitation.

In the matter before this Court, Petitioner fails to sufficiently identify any specific point of error in the Magistrate Judge's legal analysis. Rather, Petitioner includes only vague legal jargon as well as an assortment of other words and phrases that are generally nonsensical. These objections are clearly insufficient to require a *de novo* review of the Report by this Court.[2]

Thus, after a careful review of the record, of the applicable law, and of the Report and the Objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and

---

[2] This petition and its objection is similar in style and substance to another of Petitioner's actions recently before this Court. *See Calvin Lyndale Gaddy v. South Carolina Dept. of Corrections, et.al.*, C/A No. 8:15-cv-2772-JFA-JDA.

hereby **DISMISSES** this action without prejudice and without issuance and service of process. Further, the Court notes that the Complaint is substantially frivolous and finds that it is a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391 (4th Cir. 2009).

**IT IS SO ORDERED**.

February 11, 2015
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3